BERT H. DEIXLER (SBN 070614)
(bdeixler@proskauer.com)
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193

LOUIS M. SOLOMON
(lsolomon@proskauer.com)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036-8299
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

*Attorneys for Defendant and Counterclaim-Plaintiff*
*Real Estate Alliance Ltd.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MOVE, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>REAL ESTATE ALLIANCE LTD.<br>and EQUIAS TECHNOLOGY<br>DEVELOPMENT LLC,<br><br>                    Defendants. | CASE NO. CV 07-02185-GAF (AJW)<br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Case Filed:          April 3, 2007<br>Counterclaims Filed:  August 8, 2007<br>Trial Date:          February 10, 2009 |

The Court, having considered the Stipulation Regarding Protective Order, agreed upon by and between counsel for Move, Inc. ("Move"), Real Estate Alliance Ltd. ("Real"), and Equias Technology Development LLC ("Equias"), and finding good cause appearing, HEREBY ORDERS that:

The terms and conditions of this stipulated protective order ("Protective Order") shall govern the handling of documents, depositions, pleadings, exhibits,

and all other information exchanged by the parties in the above-captioned Action ("Action") or provided by or obtained from non-parties in this Action.  Any future parties to this Action may join in this Protective Order and be fully bound by it and entitled to all the rights and protections of it.

## SCOPE

1.      This Protective Order shall apply to all documents, depositions, pleadings, exhibits, and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence, and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party, or witness in connection with this Action ("Discovery Material").

2.      As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## DESIGNATION

3.      Any Producing Party may designate in good faith Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (together, "Confidential Material") in accordance with this Protective Order.  The burden of establishing that Discovery Material is Confidential Material shall be on the Producing Party.  The designation of any Discovery Information as Confidential Material shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.      Discovery Material may be designated as "CONFIDENTIAL" if a Producing Party determines, reasonably and in good faith, that it contains

confidential research, development, financial, technical, sales, or commercial information including, but not limited to, trade secrets.[1]  Discovery Material may be designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if a Producing Party determines, reasonably and in good faith, that it contains highly sensitive (a) technical information, such as detailed architectural, operation, or design materials, or technical information on products under development; (b) business information, such as customer lists, pricing, rates, internal financial statements, or market analysis, or information whose disclosure is subject to any obligation to any non-party to this lawsuit; or (c) information relating to pending and not yet published patent applications that are not available upon request from the U.S. Patent and Trademark Office or any other patent office.  The parties agree that the Receiving Party may object to the application of the CONFIDENTIAL – ATTORNEY'S EYES ONLY provisions herein on any grounds available under the rules or the law.

5.    The Producing Party may designate documents or other tangible Discovery Material as Confidential Material by placing the following legend or similar legend on the document or thing:  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"; provided, however, that in the event that original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process.  Where particular Discovery Material contains both confidential and non-confidential information, only the confidential information is subject to the limitations on disclosure set forth in this Protective Order.

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

6.      Any party or non-party may designate discovery requests or responses (and the information contained therein) as Confidential Material by placing the following legend on the face of any such document:

> "Contains CONFIDENTIAL information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included."
> or
> "Contains CONFIDENTIAL – ATTORNEY'S EYES ONLY information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included."

In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as Confidential Material.

7.      Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as such.  The following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY information:

> "Contains CONFIDENTIAL information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included."
>
> or
>
> "Contains CONFIDENTIAL – ATTORNEY'S EYES ONLY information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included."

All information disclosed at a deposition shall be treated initially as "CONFIDENTIAL – ATTORNEYS EYES ONLY" information.  Twenty-one (21)

1  calendar days after the deposition, a party shall identify those portions of the

2  transcript which are to remain designated as CONFIDENTIAL or

3  CONFIDENTIAL – ATTORNEY'S EYES ONLY.  After the 21-day period

4  expires, all portions of the transcript not so identified shall be treated as non-

5  confidential information.

6      8.      All Confidential Material, or any excerpt, reproduction, or paraphrase

7  thereof, filed with the Court shall be filed in a sealed envelope or other appropriate

8  sealed container on which the following shall be endorsed:  (a) the caption of this

9  Action; (b) the words "CONFIDENTIAL – Restricted Access According to Court

10 Order" as an indication of the nature of the content; and (c) a statement in

11 substantially the following form:

12      This envelope, containing documents which are filed in this case by
13      [name of party] is not to be opened or the contents thereof to be
        displayed or revealed except by order of Court or consent of the
14      parties.

15 The Clerk of Court is directed to maintain under seal all material filed in this

16 Action that has been marked or designated, in whole or in part, as

17 CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY and filed

18 in accordance with this paragraph 8.

19                              **USE**

20      9.      Discovery Material designated Confidential Material shall be used

21 only in preparation for, and in connection with, the prosecution, defense, or

22 settlement of this Action or any appeal therefrom and shall not be used for any

23 other purpose including, but not limited to, any unrelated litigation, arbitration, or

24 claim, or in any respect for patent prosecution purposes.  Nothing in this Protective

25 Order shall preclude a Producing Party from using or disseminating its own

26 Confidential Material.

27

28

10.    All Confidential Material shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Confidential Material are not, in fact, protected.

11.    Third-parties may (a) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party, and (b) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

12.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, no person involved in "Patent Prosecution," as defined below, including without limitation the inventor(s) of any pending patent application described herein, shall be provided access to any Confidential Material or to any information directly derived from Confidential Material, and shall be excluded from paragraph 13 below.  In addition, unless otherwise directed by the Court or authorized in writing by the Producing Party, any person who has been provided access to any Confidential Material or to any information directly derived from Confidential Material shall not thereafter (for a period of one year after the conclusion of this case) participate in Patent Prosecution.  For purposes of this Protective Order, "Patent Prosecution" shall be defined as preparing, drafting, reviewing, filing, responding to office actions, signing oaths or declarations, prosecuting patent applications or patents, or assisting in any of the above activities, with respect to:  (a) any of the patents asserted in the current litigation, (b) any of the parents (grand-parents or other predecessor applications in the chain) of any of the patents asserted in the current litigation, or (c) any continuations,

continuations-in-part, divisionals, foreign counterparts, or reissues of any of the patents asserted in the current litigation or any of the parents (grand-parents or other predecessor applications) thereof.

13. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Confidential Material designated as "CONFIDENTIAL" may be disclosed by the Receiving Party only to the following persons:

(a) any outside attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings, provided that these attorneys are directly involved with this Action). For the avoidance of doubt, Lawrence A. Husick ("Husick") shall be treated for all purposes as an outside attorney of record, notwithstanding his interest in REAL, and Husick has represented and undertaken that he shall act solely as counsel to REAL and not as principal in connection with this Action;

(b) support personnel for attorneys listed in subparagraph (a) above, including law clerks, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c) any expert or consultant who is retained or sought to be retained or is participating, at the request of any attorney described in subparagraph (a), to assist in the prosecution, defense, or settlement of this Action, with disclosure of Confidential Material occurring only to the extent necessary to perform such work, provided that the expert or consultant execute an acknowledgement in the form of Exhibit A attached hereto, which the Receiving Party shall retain and make available for inspection for good cause shown, subject to the provisions below in paragraph 15;

(d) no more than five representatives of each Receiving Party, provided such representatives use such Confidential Material only in accordance with the provisions of paragraph 9 above and paragraph 14 below;

7

(e)     any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(f)     service contractors (such as document copy services), jury consultants, and graphic artists;

(g)     any person who authored and/or was an identified original recipient of the particular Confidential Material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular Confidential Material sought to be disclosed and the examining attorney has a good faith basis for actually using the Confidential Material during said deposition, or any witness who is preparing for a deposition when the preparing attorney has a good faith reason to believe that the Confidential Material will be shown to the witness at the deposition;

(h)     personnel of the Court and all appropriate courts of appellate jurisdiction; and

(i)     any other person agreed to by the Producing Party in writing. Confidential Material designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be disclosed to the persons identified in paragraphs 13(a), (b), (c), (d) (But, for the purposes of material with this designation, only to one representative of such Receiving Party acting in that capacity.  For the purposes of this provision, the parties agree that Lawrence Husick may act as the representative for Real and Equias, and that Terry Kontonickas may act as the representative for Move.), (e), (f), (g), (h), and (i), subject to the provisions below in paragraphs 14-16.  Confidential Material shall not be disclosed to any person unless such person is authorized to receive Confidential Material pursuant to paragraphs 12-17 of this Protective Order.

14.     At least three (3) business days before the disclosure of any Confidential Material of the Producing Party is made to an individual described above in paragraph 13 subparagraph (d), an attorney for the Receiving Party shall

serve a Notice on the Producing Party identifying said individual by name and position, and enclosing an executed acknowledgement from the individual to whom disclosure is to be made, in the form of Exhibit A attached hereto.  The Producing Party shall state any objections to the proposed disclosure of such material to any individual described in paragraph 13 subparagraph (d), and state the reasons for its objections in writing, to the Receiving Party within three (3) business days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) calendar days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of the material.  The fact that there is a procedure in place pursuant to this Protective Order, and the fact that the Producing Party has objected to a proposed disclosure to a particular individual according to that procedure, shall not create a presumption one way or another as to the prudence of the objection but rather the Court will determine, based on the merits of the arguments presented, whether the proposed disclosure will be afforded to the individual in question. Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this paragraph 14 and paragraph 30, the Producing Party waives its right to challenge the disclosure of the material to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY under the terms of this Protective Order.  Should the Producing Party properly object and file its expedited motion, the material shall not be disclosed to the identified individual, pending resolution of the expedited motion.

15.    At least three (3) business days before the disclosure of any Confidential Material of the Producing Party is made to an individual described above in paragraph 13 subparagraph (c) or subparagraph (i), an attorney for the

Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements that said individual entered into during the past five (5) years.  The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work.  If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed.  Such notice shall be accompanied by an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.  The Producing Party shall state any objections to the proposed disclosure of Confidential Material to any individual described in paragraph 13 subparagraphs (c) or (i), and state the reasons for its objections in writing, to the Receiving Party within three (3) business days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) calendar days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of Confidential Material.  The fact that there is a procedure in place pursuant to this Protective Order, and the fact that the Producing Party has objected to a proposed disclosure to a particular individual according to that procedure, shall not create a presumption one way or another as to the prudence of the objection but rather the Court will determine, based on the merits of the arguments presented, whether the proposed disclosure will be afforded to the individual in question.

Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this paragraph 15 and paragraph 30, the Producing Party waives its right to challenge the disclosure of Confidential Material to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of Confidential Material under the terms of this Protective Order.  Should the Producing Party properly object and file its expedited motion, Confidential Material shall not be disclosed to the identified individual, pending resolution of the expedited motion.  No party shall be entitled to take any discovery of or regarding any person described in this paragraph 15 unless such person is disclosed as a testifying expert pursuant to Fed. R. Civ. P. 26(a)(2)(A) or unless there is an independent basis for discovery.  All other persons whose identities are disclosed hereunder shall be deemed to be consulting experts, and the activities, communications, impressions, and opinions of such experts shall be deemed to be privileged work product as to which no discovery may be had.

16.	In the event that an individual already qualified under the procedures of paragraph 15 to see Confidential Material enters into any consulting agreements or arrangements entered after the Notice identifying the individual was sent to the Producing Party, the Receiving Party shall promptly notify the Producing Party of such subsequent agreements or arrangements. The Producing Party shall state any objections to the continued disclosure of Confidential Material to this individual, and state the reasons for its objections in writing, to the Receiving Party, within seven (7) days of receipt of this notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the continued disclosure of Confidential Material to this individual.  The fact that there is a procedure in place pursuant to this Protective Order, and the fact that the

Producing Party has objected to a proposed disclosure to a particular individual according to that procedure, shall not create a presumption one way or another as to the prudence of the objection but rather the Court will determine, based on the merits of the arguments presented, whether the proposed disclosure will be afforded to the individual in question.  Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this paragraph 16 and paragraph 30, the Producing Party waives its right to challenge the disclosure of Confidential Material to the identified individual, and the individual identified in the Notice shall continue to be considered a qualified recipient of Confidential Material under the terms of this Protective Order.  Should the Producing Party properly object and file its expedited motion, the identified individual shall be barred from continuing reviewing Confidential Material of the Producing Party, pending resolution of the expedited motion.

17.    The recipient of any Confidential Material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## EXEMPTED MATERIALS

18.    None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as Confidential Material has/had been:

(a)    available to the public at the time of its production hereunder;

(b)    available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives, or experts;

(c)     known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d)     obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)     obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f)     previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

19.     Any party may seek to remove the restrictions set forth herein on the ground that information was improperly designated "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as set forth in paragraph 4 above, by following the procedures set forth in paragraph 24 below.  If the designation is removed from certain material, either by court order or by agreement of the parties, then none of the provisions of this Protective Order shall apply to that newly de-designated material.

### INADVERTENT PRODUCTION/DESIGNATION

20.     The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine shall not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  Upon a request from a party that has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall immediately refrain from any continued review of that

document and return it and all copies within three (3) business days to the Producing Party.  If such inadvertently produced material has already been disclosed, the party causing such disclosure shall, within forty-eight (48) hours of becoming aware of such disclosure, inform the person receiving the inadvertently produced material; make reasonable and good faith efforts to retrieve such material; destroy the material upon retrieval or arrange for the material to be destroyed, if possible; and promptly inform the producing party of the disclosure.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

21.     The inadvertent failure by a party to designate Discovery Material as Confidential Material shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is Confidential Material within two (2) calendar days from when the failure to designate first became known to the Producing Party.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as Confidential Material shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.  Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this paragraph 21, the Receiving Party shall take reasonable steps to, at the Producing Party's option, to either ensure that all copies, including copies disseminated to others, of any such Discovery Materials are returned promptly to the Producing Party or, at the

Producing Party's option, are destroyed and the Receiving Party certifies in writing of such destruction, or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under paragraphs 12 through 17 of this Protective Order.  If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this paragraph 21, to the extent possible, the information and/or data shall be expunged and not used.

22.   In the event of disclosure of Confidential Material to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Confidential Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Confidential Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**USE IN COURTROOM PROCEEDINGS**

23.   In the event that any Confidential Material is to be used in any court proceeding, the party seeking to do so shall provide notice to the Producing Party at least two (2) business days in advance (unless otherwise agreed to by stipulation of the parties or unless the timing or circumstances of the court proceeding do not permit such advanced notice, in which event the best practical advance notice shall be given).  The Producing Party may then seek an appropriate protective order from the Court before its use, referral, or introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

**OBJECTION TO DESIGNATIONS**

24.     No party shall be obligated to challenge the propriety of a designation of any material as Confidential Material when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.  Any party may object to the designation by the Producing Party of any material as Confidential Material.  The process for making such an objection and for resolving the dispute shall be as follows:

(a)     The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b)     Within ten (10) calendar days of receipt of notice of the objection, the Producing Party and the objecting party shall confer either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c)     Failing agreement, the Producing Party may apply within ten (10) calendar days from the conclusion of the conferring period for a ruling on the Producing Party's designation of the Discovery Materials as either CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, with the burden of proof and persuasion on the Producing Party.  While any such application is pending, the documents or materials subject to that application will retain their original designation until the Court resolves the application.  If the parties do not resolve their disagreement and the Producing Party does not apply to the Court for a ruling on its designation of Discovery Materials as either CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY within twenty (20) calendar days from the date of receipt of the notice of the objection, the Discovery Materials in question will no longer be deemed CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY.  The Producing Party shall

have the burden of showing that the document or information is CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY.

## RETURN/DESTRUCTION OF MATERIALS

25.     Upon written notice by the Producing Party, all Confidential Material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain one copy for archival purposes of the following types of documents containing Confidential Material:  (a) attorney work product; (b) correspondence between the parties or counsel for the parties; (c) discovery requests and responses, but not documents produced in response to such discovery requests; (d) papers filed with the Court and exhibits thereto; and (e) one copy of any version received from the court reporter (*e.g.*, paper, miniscript, and ASCII versions) of a deposition transcript, and accompanying exhibits.  The party receiving any Confidential Material shall certify in writing that all such material, including Confidential Material disclosed hereunder, has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

26.     This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

27.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

28.     If at any time Confidential Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such Confidential Material and shall provide each such party with an opportunity to object to the production of Confidential Material.  If the Producing Party does not move for a protective order within ten (10) calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the 10-day notice period, such material in response thereto.

29.     Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as Confidential Material.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Confidential Material that the person being excluded is prevented from viewing, pursuant to the terms of this Protective Order.

30.     All notices required by any paragraphs of this Protective Order are to be made by facsimile or e-mail to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived, in whole or in part, but only in a writing signed by an attorney for the Producing Party.

31.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Confidential Material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her

client, the attorney shall not disclose the specific contents of Confidential Material produced by any other party or non-party, unless the client is independently authorized to have Confidential Material disclosed to it pursuant to this Protective Order.

32.    Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

33.    All persons receiving Confidential Material are enjoined from producing them to any other persons, except in conformance with this Protective Order.  Each individual who receives Confidential Material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

34.    For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or any related Action or the settlement of the entire action and any related actions by the parties.

35.    The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action; provided, however, that any party may seek the withdrawal of any previously sealed document by filing a motion requesting this relief within sixty (60) calendar days after the case is closed in the District Court.  Any such documents not withdrawn will become part of the public record.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

36.    Any party may move at any time to modify the terms of this Protective Order for good cause.  A party seeking to modify this Protective Order

shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

37.     Any headings used in this Protective Order are for reference purposes only and are not to be used to construe or limit the meaning of any provision.

38.     This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

39.     Discovery materials produced electronically on computer-readable disc shall be treated as follows:

(a)     During the course of discovery, documents and things may be produced on computer-readable discs.  Each such disc produced according to this agreement shall be numbered by the Producing Party.

(b)     The Producing Party agrees that it shall provide paper copies of any documents or things contained on a computer-readable disc that the Receiving Party is, after reasonable effort, unable to open, view, or print.

**IT IS SO ORDERED.**


                                                        **Andrew J. Wistrich**

Dated : April 7, 2008
                                                    _____
                                                    The Honorable Andrew J. Wistrich
                                                    United States Magistrate Judge