MICHAEL G. KING (SBN 145477)
mking@hgla.com
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Telephone: (310) 305-2100
Facsimile: (310) 305-2116

FRANK G. SMITH
frank.smith@alston.com
ROBIN L. MCGRATH
robin.mcgrath@alston.com
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Attorneys for Plaintiffs and Counterclaim-Defendants,
MOVE, INC., NATIONAL ASSOCIATION OF REALTORS, and
NATIONAL ASSOCIATION OF HOME BUILDERS.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MOVE, INC., ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>REAL ESTATE ALLIANCE LTD., ET AL.,<br><br>    Defendants.<br><br>REAL ESTATE ALLIANCE LTD.,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>MOVE, INC., ET AL.,<br><br>    Counterclaim-Defendants. | Case No. 2:07-CV-02185-(AJWx)<br>Assigned to: George H. King<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO TAKE DEPOSITION OF IMPRISONED WITNESS B. JAY BAGDIS**<br><br>Case Filed:           Apr. 3, 2007<br>2d Am. Complaint Filed: Jan. 12, 2009<br>Counterclaims Filed:   Feb. 11, 2009<br><br>Discovery Cutoff:    Sept. 17, 2009<br>Pretrial Conference: TBD<br>Trial:               TBD<br><br>Hearing Date:        Aug. 17, 2009<br>Hearing Time:        9:30 a.m. |

*Move, Inc. v. Real Estate Alliance Ltd., et al.,*
**07-cv-2185**                                    i                MEMO IN SUPPORT OF MOTION FOR
                                                                   LEAVE TO DEPOSE B. JAY BAGDIS

LEGAL02/31409379v1

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 30(a)(2), Plaintiffs Move, Inc., National Association of Realtors, and National Association of Home Builders ("Plaintiffs") seek leave to depose third-party witness B. Jay Bagdis, who is currently confined in prison.

Mr. Bagdis is a founding and former officer of Defendant Real Estate Alliance, Ltd. ("REAL"). (Declaration of Coby S. Nixon at ¶ 2, Ex. 1 at 1; ¶ 3, Ex. 2 at 1; ¶ 4, Ex. 3 at 18:18-19:5.) REAL has identified Mr. Bagdis in its Federal Rule of Civil Procedure 26(A)(1) disclosures as a witness who is likely to have discoverable information that REAL may use to support its claims and defenses. (*Id.* at ¶ 5, Ex. 4 at 4.) Moreover, Mr. Bagdis served as general counsel to RealPro Ltd. ("RealPro"), a former owner of U.S. Patent Nos. 4,870,576 and 5,032,989 (collectively, the "patents-in-suit"), which patents are being asserted against Plaintiffs in this action. (*Id.* at ¶ 4, Ex. 3 at 20:3-8; ¶ 6, Ex. 5 at 124:20-125:14; ¶ 7, Ex. 6.) RealPro entered into a patent license agreement in 1988 with Synermation, Inc. ("Synermation") for the use and commercial exploitation of a real estate search and location system called "Workplace," which Plaintiffs have cited as prior art in this case. (*Id.* at ¶ 8, Ex. 7; ¶ 6, Ex. 5 at 221:3-222:18; ¶ 9, Ex. 8.)

According to REAL, Mr. Bagdis has knowledge concerning the license agreement between RealPro and Synermation, the licensed Workplace software system, and REAL's business organization and operations. (*Id.* at ¶ 5, Ex. 4 at 4.) Plaintiffs believe Mr. Bagdis also has knowledge concerning, among other subjects relevant to this litigation, RealPro's and REAL's respective efforts to enforce and license the patents-in-suit. Mr. Bagdis' knowledge of the foregoing topics is relevant to Plaintiffs' defenses of non-infringement, invalidity, laches, estoppel and unclean hands.

REAL's counsel has informed Plaintiffs' counsel that Mr. Bagdis is currently confined at the Northern Neck Regional Jail in Warsaw, Virginia. (*Id.* at ¶ 10, Ex. 9.) Plaintiffs' counsel have consulted with counsel for REAL regarding this Motion, and REAL does not oppose the proposed deposition. (*Id.* at ¶ 11, Ex. 10; ¶ 12, Ex. 11.)

Plaintiffs seek leave to depose Mr. Bagdis at the Northern Neck Regional Jail, where he is currently confined, or at any other detention facility where Mr. Bagdis may be incarcerated, before the close of fact discovery on September 17, 2009 (*see* Dkt. No. 211 ¶ 5) at a date and time that is mutually convenient for the parties and the detention facility. If it is not feasible for the detention facility to allow for the deposition of Mr. Bagdis before September 17, 2009, Plaintiffs respectfully request leave to take Mr. Bagdis' deposition outside of the fact discovery period.

## II.   ARGUMENT AND CITATION OF AUTHORITY

The deposition of a person confined in prison may be taken only with leave of court. Fed. R. Civ. P. 30(a)(2)(B); *see also Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Pa. 1990). "[T]he court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Accordingly, a court should grant leave to depose an incarcerated witness unless an objecting party shows that: (1) the deposition would be unreasonably cumulative or duplicative; (2) the party seeking the deposition has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2); *see also Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578-79 (N.D. Tex. 2002).

Here, there is no opposing party, since REAL indicated its assent to this motion. Moreover, Mr. Bagdis's knowledge of numerous topics concerning the licensing of the patented technology is relevant to the claims and defenses of the parties. Mr. Bagdis's testimony will not be duplicative, and the deposition will

address important issues in this litigation, without incurring excessive expense. As such, under the provisions of Rules 30 and 26, Plaintiffs should be granted leave to depose Mr. Bagdis.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs leave to take the deposition of B. Jay Bagdis.

Dated:  July 22, 2009.

Respectfully submitted,

/s/ Coby S. Nixon

Frank G. Smith (pro hac vice)
frank.smith@alston.com
Robin L. McGrath (pro hac vice)
robin.mcgrath@alston.com
Coby S. Nixon (pro hac vice)
coby.nixon@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:(404) 881-7000
Facsimile:(404) 881-7777

*Counsel for Plaintiffs and Counterclaim-Defendants Move, Inc., National Association of Realtors, and National Association of Home Builders*