MICHAEL G. KING (SBN 145477)
mking@hgla.com
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Telephone: (310) 305-2100
Facsimile: (310) 305-2116

FRANK G. SMITH
frank.smith@alston.com
ROBIN L. MCGRATH
robin.mcgrath@alston.com
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Attorneys for Plaintiffs and Counterclaim-Defendants,
MOVE, INC., NATIONAL ASSOCIATION OF REALTORS, and
NATIONAL ASSOCIATION OF HOME BUILDERS.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| MOVE, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>REAL ESTATE ALLIANCE LTD., ET AL.,<br><br>Defendants. | Case No. 2:07-CV-02185-(AJWx)<br>Assigned to: George H. King<br><br>**DECLARATION OF COBY S. NIXON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO TAKE DEPOSITION OF IMPRISONED WITNESS B. JAY BAGDIS** |
| REAL ESTATE ALLIANCE LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>MOVE, INC., ET AL.,<br><br>Counterclaim-Defendants. | Case Filed: Apr. 3, 2007<br>2d Am. Complaint Filed: Jan. 12, 2009<br>Counterclaims Filed: Feb. 11, 2009<br><br>Discovery Cutoff: Sept. 17, 2009<br>Pretrial Conference: TBD<br>Trial: TBD<br><br>Hearing Date: Aug. 17, 2009<br>Hearing Time: 9:30 a.m. |

*Move, Inc. v. Real Estate Alliance Ltd., et al.*,
**07-cv-2185**

i

NIXON DECLARATION RE MOTION
FOR LEAVE TO DEPOSE B. JAY BAGDIS

LEGAL02/31410822v1

# DECLARATION OF COBY S. NIXON

I, Coby S. Nixon, declare as follows:

1. I am an attorney at law licensed to practice before all of the courts of the State of Georgia. I am an associate in the law firm of Alston & Bird, LLP, counsel for Plaintiffs Move, Inc., National Association of Realtors, and National Association of Home Builders ("Plaintiffs"). I have knowledge of all of the following facts and, if called as a witness, could and would competently testify thereto.

2. Attached as Exhibit 1 is a true and correct copy of a document entitled "Venture Agreement" produced at BJB000682-683. This document indicates on page 1 that B. Jay Bagdis agreed to become the Chief Executive Officer and a Director of the then-to-be chartered company called Real Estate Alliance Ltd. ("REAL").

3. Attached as Exhibit 2 is a true and correct copy of a document entitled "Real Estate Alliance, Ltd.: Unanimous Consent in Lieu of Meeting of Directors" produced at R005406-5408. This document indicates on page 1 that Mr. Bagdis held the office of Treasurer of REAL.

4. Attached as Exhibit 3 is a true and correct copy of the relevant excerpts from the record of the Deposition of B. Jay Bagdis dated June 6, 2006 in the case of *Real Estate Alliance, Ltd. v. Diane Sarkisian, et al.*, Case No. 05-CV-03573 (E.D. Pa.) and produced at RLMV004495-4506. (Although the pages included in Exhibit 3 were designated "ATTORNEYS EYES ONLY" when produced, I have consulted with Alexander Kaplan, counsel for REAL, and REAL has agreed to de-designate the pages because the excerpted portions of Mr. Bagdis' deposition transcript do not disclose any confidential information.) At page 18, line 18 to page 19, line 5, Mr. Bagdis states that he believes he was the Treasurer of REAL at the time of REAL's

*Move, Inc. et al. v. Real Estate Alliance Ltd., et al.,*
07-CV-02185                                  1                    NIXON DECLARATION RE MOTION
                                                                  FOR LEAVE TO DEPOSE B. JAY BAGDIS

LEGAL02/31410822v1

formation.  At page 20, lines 3-8, Mr. Bagdis states that he formed the corporation RealPro Ltd. and served as its general counsel.

5.  Attached as Exhibit 4 is a true and correct copy of the relevant excerpts from REAL's Supplemental Fed. R. Civ. P. 26(A)(1) Disclosures dated July 2, 2009.  At page 4, this document identifies Mr. Bagdis as a witness who is likely to have discoverable information that REAL may use to support its claims and defenses and indicates that Mr. Bagdis has knowledge concerning a Workplace software system, a Times Herald advertisement, a Synermation agreement, and REAL's business organization and operations.

6.  Attached as Exhibit 5 is a true and correct copy of the relevant excerpts from the record of the Deposition of Mark A. Tornetta dated May 18, 2006 in the case of *Real Estate Alliance, Ltd. v. Diane Sarkisian, et al.*, Case No. 05-CV-03573 (E.D. Pa.) and produced at RLMV004439-4494.  (Although the pages included in Exhibit 5 were designated "ATTORNEYS EYES ONLY" when produced, I have consulted with Alexander Kaplan, counsel for REAL, and REAL has agreed to de-designate the pages because the excerpted portions of Mr. Tornetta's deposition transcript do not disclose any confidential information.)  At page 124, line 20 to page 125, line 14, Mr. Tornetta states that RealPro Ltd. owned U.S. Patent Nos. 4,870,576 and 5,032,989 (the "Patents").  At page 221, line 3 to page 222, line 18, Mr. Tornetta states that a presentation entitled "Meet Our Golden Retriever," which describes a "Workplace Network," is a flyer from Synermation, Inc., a licensee of the Patents.

7.  Attached as Exhibit 6 is a true and correct copy of a document entitled "Assignment" made between Mark A. Tornetta and RealPro Ltd. and produced at R003593-94.  This document indicates that Mr. Tornetta assigned his entire right in an invention entitled "Real Estate Search and Location System and Method,"

1  including his patent application for this invention and all continuation applications
2  thereof, to RealPro Ltd.

3      8.    Attached as Exhibit 7 is a true and correct copy of the relevant excerpts
4  from a document entitled "License Agreement" made between RealPro Ltd. and
5  Synermation, Inc. and produced at REALPRO 000064-90.  This document indicates
6  that RealPro Ltd. licensed rights under a patent application entitled "Real Estate
7  Search and Location System and Method," and all continuation applications thereof,
8  to Synermation, Inc. in order to exploit commercially a data processing system for
9  the location of real estate properties for purchase, lease or rent.

10      9.    Attached as Exhibit 8 is a true and correct copy of the relevant excerpts
11  from a document entitled "Meet Our Golden Retriever" produced at BGDS000001-
12  14.  This document describes a "real estate locator and data retrieval system" called
13  "The Workplace Network."

14      10.    Attached as Exhibit 9 is a true and correct copy of an email dated June
15  10, 2009 from Wesley Achey, counsel for Plaintiffs, to Alexander Kaplan, counsel
16  for REAL, regarding the need to schedule the deposition of several witnesses,
17  including Mr. Bagdis.  I understand from Mr. Achey that in response to his email,
18  Mr. Kaplan informed Mr. Achey that Mr. Bagdis is currently confined at the
19  Northern Neck Regional Jail in Warsaw, Virginia.

20      11.    Attached as Exhibit 10 is a true and correct copy of an email dated July
21  13, 2009 from me to Mr. Kaplan regarding a planned motion for leave to depose Mr.
22  Bagdis.

23      12.    Attached as Exhibit 11 is a true and correct copy of an email dated July
24  14, 2009 from Mr. Kaplan to me, wherein Mr. Kaplan states that REAL does not
25  intend to oppose the motion for leave.

26
27
28

*Move, Inc. et al. v. Real Estate Alliance Ltd., et al.,*
07-CV-02185

3

NIXON DECLARATION RE MOTION
FOR LEAVE TO DEPOSE B. JAY BAGDIS

LEGAL02/31410822v1

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.

4  Executed on July 22, 2009

6  /s/ Coby S. Nixon

7  Coby S. Nixon

*Move, Inc. et al. v. Real Estate Alliance Ltd., et al.,*
**07-CV-02185**

4

**NIXON DECLARATION RE MOTION
FOR LEAVE TO DEPOSE B. JAY BAGDIS**

LEGAL02/31410822v1