Counsel E-Filing Joint Stipulation:

Bert H. Deixler (SBN 070614)
(bdeixler@proskauer.com)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193

Louis M. Solomon (*pro hac vice*)
(lsolomon@proskauer.com)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036-8299
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

Counsel for *Real Estate Alliance Ltd.*

E-FILED: **1/26/10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MOVE, INC.,<br><br>   Plaintiffs,<br><br> v.<br><br>REAL ESTATE ALLIANCE LTD. and EQUIAS TECHNOLOGY DEVELOPMENT LLC,<br><br>   Defendants.<br><br>REAL ESTATE ALLIANCE LTD.,<br><br>   Counterclaim-Plaintiff,<br><br> v.<br><br>MOVE, INC., ET AL.,<br><br>   Counterclaim-Defendants. | CASE NO. CV 07-02185-GHK (AJWx)<br><br>Hon. George H. King<br><br>**[PROPOSED] ORDER ON JOINT STIPULATION OF NON-INFRINGEMENT**<br><br>Action Filed:  April 3, 2007<br>Counterclaims Filed: August 8, 2007<br>Trial Date:   Not Presently Set |

1    THE COURT, having considered the parties' Joint Stipulation of Non-
2 Infringement, and finding good cause appearing, orders as follows:
3    (1)   Based on the Court's claim construction rulings set forth in the
4 November 25, 2009 Order re: Joint Motion for Claim Construction Order [Dkt. No.
5 419] ("Claim Construction Order"), Real Estate Alliance Ltd. ("REAL") cannot
6 establish that Move, Inc., National Association of Realtors, and National
7 Association of Home Builders (collectively, "Plaintiffs") have infringed, contributed
8 to the infringement of, or actively induced infringement of any claims of U.S. Patent
9 Nos. 4,870,576 ("'576 Patent") and 5,032,989 ("'989 Patent") (collectively, the
10 "Patents-in-Suit") under 35 U.S.C. §§ 271(a), 271(b), and 271(c) by or through their
11 ownership, operation, or maintenance of the Move Websites because the Move
12 Websites did not perform certain of the claimed steps prior to the expiration of the
13 Patents-in-Suit.
14    (2)   As REAL stipulates, under the Court's Claim Construction Order, the
15 Move Websites did not perform the following required steps of the '576 Patent,
16 found in all of the claims of that patent, prior to its expiration:
17      (a) "selecting a landmark as a reference point from a list of available
18      landmarks" because the Move Websites did not "choos[e] a building or site
19      with historical or other significance (*e.g.* cultural, aesthetic, etc.) as a point
20      from which to measure the distance of other objects";
21      (b) displaying a map showing a "first area selection cursor having
22      boundaries" because the Move Websites did not utilize "a tool or utility
23      implemented by a computer for selecting a geographic area of interest by
24      causing a boundary to be superimposed over the displayed map"; and
25      (c) displaying a map showing "information about distance and direction
26      from the center of said first cursor to said landmark" because the Move
27      Websites did not show "computed data that indicates what the distance and
28

1

1 | directional relationship is between the center of the selection cursor and the
2 | landmark."

3   (3)  Additionally, as REAL stipulates, under the Court's Claim
4 Construction Order, the Move Websites did not perform the following required steps
5 of the '989 Patent, found in all of the claims of that patent, prior to its expiration:

6   (a) "selecting a first area having boundaries" because the Move
7 Websites did not "choos[e] a geographic area of interest by causing a
8 boundary to be superimposed over the displayed map using the first area
9 selection cursor";

10   (b) "selecting a second area having boundaries within the zoomed first
11 area" because the Move Websites did not "choos[e] a search area by causing a
12 boundary to be superimposed over the displayed map using the second area
13 selection cursor"; and

14   (c) displaying a plurality of points, each point representing the
15 "appropriate geographic location" of an available real estate property because
16 the Move Websites did not represent "the location within the displayed
17 second area identified by the creator of the property listing file using a
18 movable crosshair cursor to pinpoint the location, which was intended to
19 correspond to the actual physical location of the available real estate property
20 on the Earth's surface."

21   (4)  Accordingly, REAL's counterclaims for infringement of the Patents-in-
22 Suit against Plaintiffs (specifically, Claims I-III of REAL's Counterclaims [Dkt. No.
23 210]) are hereby DISMISSED and judgment is entered in favor of Plaintiffs on the
24 Second and Fifth Claims for Relief in Plaintiffs' January 12, 2009 Second Amended
25 Complaint (insofar as those claims are a mirror image of Claims I-III of REAL's
26 Counterclaims).

27   (5)  These claims and counterclaims are fewer than all of the pending
28 claims in this action and affect fewer than all of the parties to this action.

1  (6) The parties have also stipulated that the Court's construction of all of the disputed claim terms and phrases in the Claim Construction Order impact issues to be adjudicated in this matter, including the validity of the Patents-in-Suit, infringement, and damages.

(7) Based upon the parties' December 9, 2009 Joint Status Report [Dkt. No. 420], the parties' December 29, 2009 Joint Response to Order re: Joint Status Report [Dkt. No. 423], and the Court's January 6, 2010 Order re: December 9, 2009 Joint Status Report ("Joint Status Report Order") [Dkt. No. 425], and having considered judicial administrative interests, judicial economy and efficiency, the risk of duplicative appellate issues, and the equities involved, the Court finds no just reason for delay of an appeal to the United States Court of Appeals for the Federal Circuit. As explicated in the foregoing documents: because of (a) the number of parties in this litigation; (b) the manner in which the Court has bifurcated the matter upon agreement of all parties such that the resolution of certain issues, including claim construction, are binding to a certain extent on all parties; and (c) a number of the remaining issues in this litigation are affected by the Claim Construction Order, the Court finds no just reason for delay.

(8) Therefore, a Fed. R. Civ. P. 54(b) final judgment on the Second and Fifth Claims for Relief in Plaintiffs' Second Amended Complaint (insofar as those claims are a mirror image of Claims I-III of REAL's Counterclaims) and on the dismissal of REAL's counterclaims is hereby ENTERED in favor of Plaintiffs and against REAL.

IT IS SO ORDERED.

DATED: 1/25/10

The Honorable George H. King

3